Per Curiam,
It is an undisputed fact in this case that the plaintiff below was employed as counsel by the defendant ; that he performed divers services for her in the court below, *589 and argued her case here; and that, in addition, he had incurred certain expenses and made disbursements out of his own pocket for fees, &c., on her account. It was therefore proper for the learned judge below, in his charge to the jury, to say: “ Under the uncontradicted testimony in the case, this plaintiff would be entitled to a verdict against the defendant, less the amount which has already been paid, unless you shall find there was a contract between these parties which altered the relation between them, so far as the fees that the plaintiff had a right to charge are concerned.” There does not appear to have been any contract between them for any particular sum in the way of fees. The plaintiff offered to take defendant’s case upon a contingent fee, a certain sum to be paid down, and $600 additional in case of a recovery. The defendant did not agree to this ; she thought the amount asked was too much, and, in her letter of Dec. 6, 1880, requests the plaintiff to proceed with the case and charge a regular fee.
The only matter to criticise is the plaintiff’s charge of ten dollars per day for six days’ attendance in this court and the argument of her case here. In his letter of Dec. 10, 1881, the plaintiff says: “ I am willing to lose my time in taking the case to the supreme court, but if you will not do as other clients do, that is, pay the expenses, we will drop it.” The plaintiff claimed and recovered $60 for his time when in attendance in the supreme court, and he justifies this upon the ground that, as the defendant would not pay anything, and was trying to keep him out of his money, he “ wanted fair pay for everything.”
The entire case was a mere question of fact for the jury, and it was fairly submitted by the learned judge below. He left them to find whether there was an agreement as to fees for taking the case to this court, and, while the jury might very well have found the other way in regard to this particular item, it is not our business to revise verdicts. The charge of the court upon this question of fact was correct. If more specific instructions had been desired, they should have been asked for.
Judgment affirmed.
Note. — It has been suggested that, under the Act of May 20, 1891, the supreme court has an unlimited discretion in reviewing all cases of appeals. The Act is entitled “ An Act relating to appeals to the supreme court, and prescribing the powers thereof on appeals.” The 2d section provides that “the supreme court shall have power in all cases to affirm, reverse, amend or modify a judgment, order or decree appealed from, and to enter such judgment, etc., as the supreme court may deem proper and just, etc.” Section 1st provides for an appeal in cases of applications for the opening, vacating, and striking off of judgments ; and, while it would have been more accurate to have said in 12, “in all such cases” and “ such judgments,” it seems quite plain, from the reading of the whole Act, that \ 2 is limited to the cases mentioned in 1, and appeals allowed by $ 1 are to be decided “ in like manner as appeals from final decrees.”